# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**

AUG 24 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

FREDERICK   RICKY   LAMBERT,
**(Full name under which you were convicted)**

N - 30421
**(Prison Number)**

LAWRENCE CORRECTIONAL CENTER
**(Place of Confinement)**

)
)
)
)
)
)
)
)
)
)
)

Docket No. _07-607-MJR_

**(To be supplied by Clerk)**

---

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2254
## BY A PERSON IN STATE CUSTODY

---

FREDERICK RICKY LAMBERT, **Petitioner**
**(Full name under which you were convicted)**

**vs.**

LEE   RYKER_____, **Respondent**
**(Name of Warden, Superintendent, Jailor, or**
**authorized person having custody of petitioner),**

**and  (when applicable)**

**The Attorney General of the State of**

_____.

Rev. 8/96

# PETITION FOR WRIT OF HABEAS CORPUS
# BY A PERSON IN STATE CUSTODY

## INSTRUCTIONS—READ CAREFULLY

1.  If you are attacking a judgment which imposed a sentence to be served in the future, you must fill in the name of the state where the judgment was entered. If you have a sentence to be served in the future under a federal judgment which you wish to attack, you should file a motion under Title 28, U.S.C. §2255, in the federal court which entered the judgment.

2.  **Readable** - The petition may be either typed or handwritten, but it must be readable.

3.  **One Conviction Per Form** - You can only challenge one criminal conviction in each petition.

4.  **Signed Under Penalty of Perjury** - The petition must be signed by you "under penalty of perjury". Any false statement of a material fact may serve as a basis for prosecution and conviction for perjury. Your signature does not have to be witnessed by a notary public.

5.  **Copies and Proper Court** - All questions must be answered. When the petition is fully answered, **the original and two (2) copies** must be mailed to the Clerk of the United States District Court for the Southern District of Illinois, whose address is P.O. Box 249, East St. Louis, IL 62202-02491.

6.  **Exhaustion** - Before you can sue in federal court for habeas corpus relief, you must first raise every ground you have in State Court, either by direct appeal, state habeas, and/or post-conviction statutes, and appeal as high in the state court system as they will let you go. If you have not done this, you should either do it now, before filing in federal court, or be prepared to explain on the form why you have not exhausted your state remedies.

7.  **All Grounds** - You must include all grounds for relief in this petition and the facts supporting each ground for relief. If you fail to do so, you may be prevented from presenting additional grounds at a later date.

8.  **Legal Citations and Arguments** - No citations of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

9.  **Fee** - You must either (A) pay the filing fee of $5.00 or (B) if you do not have the money, you may request permission to proceed in forma pauperis, in which event you must complete and sign the motion and affidavit supplied by the clerk's office and have an authorized officer at the penal institution complete and sign the attached certificate. You must also have an authorized officer attach a print-out of your prison trust account activity for the six months prior to the filing of your petition.

10. **Grounds Frequently Raised** - For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded

by a letter is a separate ground for possible relief.  YOU MAY RAISE ANY ADDITIONAL
GROUND(S).  **However, you should raise in this Petition all available grounds
(relating to this conviction) on which you base your allegations that you are being held
in custody unlawfully.**

Do not check any of the listed grounds.  If you select one or more of these grounds for relief
or any other ground(s), you must allege **FACTS**.  The Petition may be returned to you if you
merely check the ground(s) listed below.

a)    Conviction obtained by plea of guilty which was unlawfully induced or not made
        voluntarily or with understanding of the nature of the charge and consequences of
        the plea.

b)    Conviction obtained by used of coerced confession.

c)    Conviction obtained by use of evidence gained pursuant to an unlawful arrest.

d)    Conviction obtained by a violation of the privilege against self-incrimination.

e)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to
        the defendant evidence favorable to the defendant.

f)    Conviction obtained by a violation of the protection against double jeopardy.

g)    Conviction obtained by action of a grand or petit jury which was unconstitutionally
        selected and impaneled.

h)    Denial of effective assistance of counsel.

I)    Denial of right of appeal.


## PETITION

1.    **Institutional
        Address:**    Frederick R. Lambert N-30421
                            Lawrence Correctional Center
                            RR 2   Box  31
                            Sumner, IL.  62466

2.    **Court:**    Name and location of Court in which the conviction you are challenging was
                        obtained:  17th Judicial Circuit Court, Winnebago
                        County, 400 W. State St., Rockford, IL. 61101


3.    **Judge(s):**    Trial Judge  K.  CRaig  Peterson
                            Sentencing Judge  Gerald  F.  Grubb

4.  **Date:**  What was the date of your conviction? _Convicted on  9/21/98_ resentenced 7/3/03

5.  **Crime:**  a)  Of what crime(s) were you convicted? _One count of First_
_Degree Murder ._

b)  Were you sentenced on more than one count of an indictment, or on more
than one indictment in the same court at the same time?
Yes ( )      No (x)

If yes, explain: _Not Applicable_

6.  **Lawyer:**  Who was your lawyer?
a)  At preliminary hearing _No preliminary, Got Indicted ( No Counsel )_

b)  At arraignment and plea _Attorney Gordon  Ring_

c)  At trial _Pro  Se  Representation_

d)  At sentencing _Pro  Se  Representation_

e)  On direct appeal _Barbara Paschen ( Asst. Appellate_
_Defenders Office, 2nd District, Illinois )_
f)  In any post-conviction proceeding _1st Post Conviction dismissed_
_(No Counsel); 2nd Post Conviction Pending ( Chrissie Garza )_
g)  On appeal from any adverse ruling in a post-conviction proceedings_____
_Peter A. Carusona, Assit. Appellate Defender, 3rd District._

7.  **Plea:**  a)  What your conviction a result of a guilty plea or plea of nolo contendere?
(Check one)
__ Yes, guilty plea
__ Yes, nolo contendere
_x_ No

b)  What was the date of your plea? _Do Not Apply_

c)  If you pleaded guilty to one count or one indictment, and pleaded not guilty
or nolo contendere to another, give details:_____
_Not  Applicable_

8.  **Sentence:**    What was your sentence?  Sixty ( 60 ) Years

9.  **Trial:**    a)    What kind of trial?
        xxxx  Jury    _____  Judge without a jury

    b)    Did you testify at the trial?  __ Yes  x No

10.  **Appeal(s):**    a)    Did you appeal your criminal conviction? X Yes  __ No

    b)    If you did appeal, answer the following:

    Name and location of Court to which you first appealed  Illinois 2nd
    District Appellate Court, 55 Symphony Wy., Elgin IL. 60120
    Date Notice of Appeal was filed  April 8, 1999.
    Result  Aff'd in part, vacated in part and remanded. __
    Date of Opinion  August 3, 2001 ; Resetence decision 4/10/06
    Citation of court opinion (if known)  Unpublished Opinion, People
    v. Lambert ( 2-99-0408 ) on remand after resentencing,
    see published decision, 364 Ill.App.3d 488
    Ground(s) raised on direct appeal  During Closing Argument the
    State Prosecution indulged in a blatant appeal to the
    Jurors' sympathy and emotions by repeatedly urging them
    not to forget the Victim and the Victim's Family in Violation
    of Petitioner's Right to a Fair Trial under the 14th
    Amendment of the United States Constitution.
    _____ ( See page " A " for additional claim ) (attached )

    If you did not directly appeal, explain briefly why you did not_____
    _____ Not  Applicable

    c)    Did you attempt to appeal the result to the highest state court having
        jurisdiction? x Yes  __ No

    d)    If you did attempt to appeal to the highest state court, attach a copy of the
        petition or motion you made, and answer the following (or attach a copy of
        the court's opinion or order):

    Name and location of Court  Illinois Supreme Court, Spring-
    field, IL. 62701 - 1721 .
    Date Petition for Leave to Appeal or Notice of Appeal was filed 9/26/01 & 9/27/01
    Result  Petition For Leave To Appeal Denied
    Date of Opinion  Petitioners' Leave to Appeal Denied October
        5, 2001 ; State Leave To Appeal Denied Jan of 2003.

Citation of court opinion (if known) Petitioners' Leave to Appeal
(92458) at 763 N.E.2d 774 ; State Leave to Appeal (92474)
at 787 N.E. 2d 177.

Ground(s) raised During closing Argument the State Prose-
cutor indulged in a blatant appeal to the Juror's
sympathy and emotions by repeatedly urging them not to
forget the Victim and the Victim's Family in violation
of Petitioner's right to a Fair Trial under the 14th
Amendment of the United States Constitution.
( See page " A " for additional claim ) ( attached )

If you did not appeal to the highest state court, explain briefly why you did
not   Not Applicable

e)   Did you seek permission to file a late appeal? __ Yes XX No
( Timely filed )

**11.   Post Conviction Collateral Proceeding(s):**

a)   Other than a direct appeal from the judgment of conviction and sentence,
have you previously filed any petitions, applications, or motions with
respect to this judgment in any court, state or federal:
xx Yes __ No

b)   If yes, give the following information:

A.   First petition, application or motion.

1)   Name of Court 17th Judicial Circuit Court, Winnebago County,
Rockford, IL. 61101.

2)   Date Filed December 17, 2001

3)   Nature of Proceeding Post Conviction Petition, pursuant to Chpt.
725 Illnois Compile Statutes sec. 5/122

4)   Ground(s) Raised Appellate Counsel Ineffective for not raising
the claim that the State Prosecutor repeatedly expressed
their personal opinions of witness credibility in violation
of Petitioners 14th Amendment Right of the United States
Constitution of a Fair Trial.
( See page " B " for additional claims ) ( attached )

5) Did you receive an evidentiary hearing on your petition, application or motion? ___
___ Yes X_X_ No

6) Final Result__Judge dismissed as frivolous and patently without merit.

7) Date of Final Result (Attach a copy of the court's opinion or order)__dismissed on
April 1, 2002 ; rehearing denied on May 9, 2002.

8) If this petition, application, or motion was brought in a state court, did you appeal
the result to the highest state court having jurisdiction?
xx Yes ___ No

If you did appeal, give the name of the court where the appeal was filed, the result,
the case number, citation and date of the court's decision (or attach a copy of the
court's opinion or order)_Timely Appealed to Illinois Appellate Court
2nd District, on May 24, 2002 --- Appellate Court Affirmed
Dismissal on May 10, 2004 (2-02-0560) ( Unpublsihed Opinion )
_Petition Leave To Appeal timely filed on May 17, 2004, denied
September 2004( 98610 ) at 823 N.E. 2d 973

9) If you did not appeal, briefly explain why you did not_____
Not Applicable
_____
_____
_____
_____

B. As to any second petition, application or motion, give the following information:

1) Name of Court _17th Judicial Circuit Court, Winnebago County
Rockford, Illinois 61101

2) Date Filed _March 23, 2007

3) Nature of Proceeding _Relief From Judgment Petition, pursuant to
735 ILCS 2-1401 ; and Post Conviction Petition, pursuant
to 725 ILCS 5/122 ( Petitions Are Consolidated )

4) Ground(s) Raised_Petitioner was denied his fundamental right
of a fair trial in violation of his 14th Amendment where
State witness Antwon Lambert coerced State witness Lucio
Flores as to the contents and substance of Flores statement.

( See page " C " for additional claims ) ( attached )

5) Did you receive an evidentiary hearing on your petition, application or motion?
___ Yes ___ No
Both Petitions ( Relief From Judgment and Post Conviction )
is currently Pending in Circuit Court with Court appointed
counsel .

6) Final Result _Petitions Pending with Court Appointed Counsel_

7) Date of Final Result (Attach a copy of the court's opinion or order) _Pending_

8) If this petition, application, or motion was brought in state court, did you appeal the result to the highest state court having jurisdiction?
__ Yes __ No  N/A ( Petitions Pending in Circuit Court ).

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)_____
_N/A POst Conviction and Relief From Judgment_
_Petition's is Pending In Circuit Court with_
_the appointment of Counsel._
_____

9) If you did not appeal, briefly explain why you did not_____
_Petitions ( consolidated Relief From Judgment_
_735 ILCS 2-1401 and Post Conviction Petition )_
_is currently pending in Circuit Court w/ counsel_
_appointed by the Judge._

C. As to any third petition, application or motion, give the following information:

1) Name of Court _No 3rd Petition filed and none_
_anticipated._

2) Date Filed_ N/A

3) Nature of Proceeding_ N/A
_____
_____

4) Ground(s) Raised_ N/A
_____
_____
_____
_____
_____
_____

5) Did you receive an evidentiary hearing on your petition, application or motion?
__ Yes __ No  N/A

6) Final Result_ N/A

7) Date of Final Result (Attach of copy of the court's opinion or order)_ N/A

8) If this petition, application, or motion was brought in state court, did you appeal the result to the highest state court having jurisdiction?
\_\_ Yes  \_\_ No   N/A

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)_____
_____N/A_____
_____
_____
_____

9) If you did not appeal, briefly explain why you did not\_\_\_\_\_N/A_____
_____
_____
_____
_____

**12.    Other Remedies:**

Describe all other procedures, such as administrative remedies, that you have utilized. List the dates when you sought each remedy, the result, and the date of that result  No other Remedies
_____pursued_____
_____
_____
_____
_____

**13.    Ground(s) for Federal Habeas Corpus:**

State in the following paragraph(s) every ground or reason you claim your conviction is improper or unlawfµ|

A.    <u>First Ground</u>

1) My conviction violates the constitution or laws of the United States because: <u>The County Jail Authorities who ransacked Petitioner's Jail cell on the night before Petitioner was to begin his Pro Se case-in-chief, and who disarranged roughly 5,000 pages of paperwork, denied Petitioner Due Process of Law and his 6th Amendment Right under the United States Constitution to his own counsel by interfering with his right to present his defense ( See Memorandum Of Finding Of Facts, at page   2 )</u>

2) I have already raised this claim in state court.

Direct Appeal:    x<u>x</u> Yes  \_\_ No

State Habeas Corpus:  __ Yes  XX No
State Supreme Court:  XX Yes  __ No
Other:  __ Yes  XX No

Explain:
N/A

**B.**  <u>Second Ground</u>

1)  My conviction violates the constitution or laws of the United States because: _____
During Closing Argument the State Prosecution indulged in a blatant
appeal to the Jurors' sympathy and emotions by repeatedly urging
them not to forget the Victim and the Victim's Family in Violation
of Petitioners right to a Fair Trial under the 14th Amendment of
the United States Constitution. ( See Memorandum of Finding of
Facts, at page  7  )

2)  I have already raised this claim in state court.

Direct Appeal:  XX Yes  __ No
State Habeas Corpus:  __ Yes  XX No
State Supreme Court:  XX Yes  __ No
Other:  __ Yes  XX No

Explain:
N/A

**C.**  <u>Third Ground</u>

1)  My conviction violates the constitution or laws of the United States because: _____
Where a perfunctory hearing in Petitioners absence was conducted
on Defendants Pro Se Motion to reconsider sentence, Petitioner, who
had proceeded Pro Se at his trial and sentencing, was denied his
Constitutional Rights to be present at a critical stage of the
proceedings and to represent himself. ( See Memorandum Of Finding
of Facts, at page  10  ) ( Additional Grounds Continue, next page )

2)  I have already raised this claim in state court.

Direct Appeal:  __ Yes  __ No  Not Sure
State Habeas Corpus:  __ Yes  __ No
State Supreme Court:  XX Yes  __ No
Other:  __ Yes  __ No  Not Sure

Explain:
The above claim was raised after the Appellate Court reversed
this matter for resentencing. Thus, Petitioner is not sure if this
would be considered a continuation of the Direct Appeal although
this claim was presented to the Illinois Appellate Court. See
cite 847 N.E.2d 136 (2006)

Rev. 8/96

– 10 –

**D.** <u>Fourth   Ground</u> :

   1)    My conviction violates the constitution or laws of the United States because : Appellate Counsel was Ineffective for not raising the claim that the Prosecutor's expressed their Personal Opinions of witnesses credibility in violation of Petitioners right to a Fair Trial under the 14th Amendment of the U.S. Const. **( See Memorandum Of Finding Of Facts, at page  12 )**

   2)    I have already raised this claim in State Court.

| | | |
|---|---|---|
| Direct Appeal : | ____ Yes | <u>xx</u> No |
| State Habeas Corpus : | ____ Yes | <u>xx</u> No |
| State Supreme Court : | <u>xxx</u> Yes | ___ No |
| Other : | <u>xxx</u> Yes | ___ No |

Explain : Petitioner filed and pursued a Collateral Appeal to the Illinois Appellate Court on this claim.


**E.** <u>Fifth   Ground</u> :

1)  My conviction violates. the constitution or laws of the United States because : Appellate Counsel was Ineffective for not raising the claim that the Prosecution on several occassions, misstated evidence each over the objection of the Petitioner, in violation of the Petitioner 14th Amendment of a Fair Trial. **( See Memorandum of Finding Of Facts, at page  15 )**

   2)    I have already raised this claim in State Court .

| | | |
|---|---|---|
| Direct Appeal : | ___ Yes | <u>xx</u> No |
| State Habeas Corpus : | ___ Yes | <u>xx</u> No |
| State Supreme Court : | <u>xx</u>  Yes | ___ No |
| Other : | <u>xx</u>  Yes | ____ NO |

Explain : Petitioner filed and pursued a collateral appeal to the Illinois Appellate Court  on this claim .


**Ground(s) Continue**

F.    <u>Sixth  Ground</u> :

1)    My conviction violates the constitution or laws of the United States because : Appellate Counsel was Ineffective for not raising the claim that the Prosecution's closing arguments appealing to the jury's prejudice to support their Local Police and Prosecutors, denied Petitioner his Right of a Fair Trial by Misstating the Evidence, the Law and shifted the burden of proof in violation of Petitioners 14th Amendment of the U.S. Const. ( See Memorandum Of Finding Of Facts, at page  **19**   )

2)    I have already raised this claim in State Court.

| | | |
|---|---|---|
| Direct Appeal  : | _____ Yes | <u>xx</u> No |
| State Habeas Corpus : | _____ Yes | <u>xx</u> No |
| State Supreme Court : | <u>xxxx</u> Yes | ___ NO |
| Other : | <u>XXX</u> Yes | __ No |

Explain : Petitioner filed and pursued a Collateral Appeal to the Illinois Appellate Court on this claim.

G.    <u>Seventh   Ground</u> :

1)    My conviction violates the constitution or laws of the United States because : Appellate Counsel was Ineffective for not raising the Claim that the Cumulative Effect of the Prosecutor's Comments during closing arguments deprived Petitioner of his right to a Fair Trial . (See Memo at pg. **21**  )

2)    I have already raised this claim in State Court :

| | | |
|---|---|---|
| Direct Appeal : | ___ Yes | <u>xx</u> No |
| State Habeas Corpus : | _____ Yes | <u>xx</u> No |
| State Supreme Court : | <u>XXX</u> Yes | ___No |
| Other : | <u>xxx</u> Yes | ___ No |

Explain : Petitioner filed and pursued a collateral Appeal to the Illinois Appellate Court on this claim.

**Ground(s) Continue**

H. *Eight Ground* :

1)   My conviction violates the constitution or laws of the
United States because : Petitioner was denied his fundamental
right of a Fair Trial in violation of his 14th Amendment where
State witness Antwon Lambert coerced State witness Lucio
Flores as to the contents and substance of Flores Statement.
( See Petitioners Motion For Stay )

2.    I have already raised this claim in State Court :

| | | |
|---|---|---|
| Direct  Appeal : | ___ Yes | xxx No |
| State Habeas Corpus : | ___ Yes | xxx No |
| State Supreme Court : | ___ Yes | xxx No |
| Other : | XXXX Yes | ___ No |

Explain : This Claim is currently pending in the Circuit Court
with Court appointed Counsel.

Grounds Continue

**I.**    <u>Ninth   Ground</u> :

1) My conviction violates the constitution or laws of the United States because : Where Petitioners friends and family members were not allowed to attend the proceedings, Petitioner was denied his 6th and 14th amendment. **( See Petitioners Motion  For Stay )**

2) I have already raised this claim in State Court :

| | | |
|---|---|---|
| Direct Appeal : | ___ Yes | <u>xx</u> No |
| State Habeas Corpus : | ____ Yes | <u>xx</u> No |
| State Supreme Court : | ____ Yes | <u>xx</u> No |
| Other : | <u>xxxx</u> Yes | __ No |

Explain : This claim is currently pending in the Circuit Court with court appointed Counselor.

**J.**    <u>Tenth   Ground</u> :

1) My conviction violates the constitution or laws of the United States because : Where the Prosecutor failed to turn over critical identification evidence and to correct the false hood thereof Petitioner was denied his right's under Brady v. Maryland . **( See Petitioners Motion For Stay  )**

2) I have already raised this claim in State Court :

| | | |
|---|---|---|
| Direct Appeal : | ___ Yes | <u>xx</u> No |
| State Habeas Corpus : | ___ Yes | <u>xx</u> No |
| State Supreme Court : | ____Yes | <u>xx</u> No |
| Other : | <u>XXX</u> Yes | __ No |

Explain : This claim is currently pending in the Circuit Court with Court appointed Counsel.

**K.**    <u>Eleventh   Ground</u> :

1) My conviction violates the constitution or laws of the United States because : Where Ms Jean Dupree-Brundage testimony was high-lighted via jury question and said testimony was irrelevant, Petitioner was denied his right under the 6th and 14th amendments by the Court denying defense motion to exclude. **( See Petitioners Motion For Stay  )**

2) I have already raised this claim in State Court :

| | | |
|---|---|---|
| Direct Appeal : | _____ Yes | <u>xx</u> NO |
| State Habeas Corpus : | _____ Yes | <u>xx</u> NO |

**Ground(s) Continue**

State Supreme Court :  \_\_\_\_ Yes  <u>xx</u> No
Other :      <u>xxx</u> Yes  \_\_ No

Explain : This claim is currently pending in the Circuit Court with Court appointed Counsel.

**L.** <u>Twelfth  Ground</u> :

1) My conviction violates the constitution or laws of the United States because : The Petitioners defense was impaired via Court and previous appointed counsel in violation of his 6th and 14th amendments where Petitioner was denied his request for a continuance upon receiving additional discovery. **( See Petitioners Motion For Stay )**

2) I have already raised this claim in State Court :

Direct Appeal :   \_\_\_\_ Yes  <u>xx</u> No
State Habeas Corpus  \_\_\_\_ Yes  <u>xx</u> No
State Supreme Court :  \_\_\_\_ Yes  <u>xx</u> No
Other :     <u>XXXX</u> Yes  \_\_ NO

Explain : This claim is currently pending in the Circuit Court with Court Appointed Counsel.

**M.** <u>Thirteenth  Ground</u> :

1) My conviction violates the constitution or laws of the United States because : Where defense counsel motion to withdraw supported a claim of conflict of interest, the Court denial thereto violated Petitioners 6th amendment right to counsel. **( See Petitioners Motion For Stay )**

2) I have already raised this claim in State Court:

Direct Appeal :   \_\_\_ Yes  <u>xx</u> No
State Habeas Corpus :  \_\_\_\_ Yes  <u>xx</u> No
State Supreme Court :  \_\_\_ Yes  <u>xx</u> No
Other :     <u>XXX</u> Yes  \_\_\_\_ NO

Explain : This claim is currently pending in the Circuit Court with Court appointed Counsel.

**Ground(s) Continue**

**N.**    <u>Fourteenth  Ground</u> :

1) My conviction violates the constitution or laws of the
United States because : Petitioner was denied a fair trial
in violation of his 14th amendment where ther Pro Se Petition-
er was forced to represent himself under impractical condi-
tions, due to the false representation made by State Agents.
**( See Petitioners Motion For Stay  )**
2) I have already raised this claim in State Court :

| | | |
|---|---|---|
| Direct Appeal : | ___ Yes | <u>xx</u> No |
| State Habeas Corpus : | ____ Yes | <u>xx</u> No |
| State Supreme Court : | ___ Yes | <u>xx</u> No |
| Other : | <u>xxx</u> Yes | __ NO |

Explain : This claim is currently pending in the Circuit
Court with Court Appointed Counsel.

**O.**    <u>Fifteenth  Ground</u> :

1) My conviction violates the constitution or laws of the
United States becuase :  Petitioner contends that his sentence
is in violation of the Separation of Powers where the Statute
gave the sole decision to grant or deny Petitioner
a New Trial to the State Prosecutor. **( See Petition-
ers Motion For Stay )**
2)    I have already raised this claim in State Court :

| | | |
|---|---|---|
| Direct Appeal : | ___ Yes | <u>xx No</u> |
| State Habeas Corpus : | _____ Yes | <u>xx</u> No |
| State Supreme Court : | ____ Yes | <u>xx No</u> |
| Other : | <u>xxx</u> Yes | __ No |

Explain : This claim is currently pending in the
Circuit Court with Court appointed Counsel.

**Ground(s) Continue**

**P.**   <u>Sixteenth  Ground</u>  :

1) My conviction violates the constitution or laws
of the United States because : Petitioner was denied
his 6th Amendment Right of the Effective Assistance
Of Appellate Counsel. **( See Petitioners Motion
For Stay )**

2) I have already raised this claim in State Court :

| | | |
|---|---|---|
| Direct Appeal : | _____ Yes | <u>xx</u> No |
| State Habeas Corpus : | _____ Yes | <u>xx   No</u> |
| State Supreme Court: | _____ Yes | <u>xx</u> No |
| Other : | <u>xxx</u> Yes | ___ No |

Explain : This claim is currently pending in the
Circuit Court with Court appointed Counsel.

**Ground(s) Concluded**

14. If any of the grounds listed in 13A, B, or C were not previously presented in any court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

> All claims under 13(a)(b)and (c) were fully exhausted.
>
> Additional Grounds under 13(d)(e)(f) and (g) were fully exhausted.
>
> Petitioner ask for a Stay on Grounds 13(h) **thru** (p)

15. Do you have any petition or appeal now pending in court, either state or federal, regarding the conviction under attack? xx Yes ___ No

If yes, give the name of the Court and nature of proceeding: Post Conviction pursuant to Chp. 725 ILCS 5/122 and Relief From Judgment Petition pursuant to Chp. 735 ILCS 2-1401 ( consolidated ) are both currently pending in the Winnebago Circuit Court, 17th Judicial Circuit, Rockford IL., with Court appointed counsel. ( **Please See Motion For Stay** and exhibits attached thereto )

16. **Second or Successive Petitions:**

    a) Is this a second or successive petition? (Have you previously filed a habeas petition in federal court with respect to the judgment you are currently attacking?) Yes ( ) No (X)

    b) If yes, have you attached a copy of an Order from a three-judge panel of the court of appeals authorizing this court to consider this petition? Yes ( ) No ( )    N/A

        NOTE: To file a second or successive petition with this court, you must first obtain an Order from a three-judge panel of the court of appeals that authorizes this court to consider this petition. You must attach a copy of such an Order.

        **Failure to attach a copy of such Order will result in automatic dismissal of this petition.**

    c) Does this second or successive habeas petition raise a claim that you have not presented in a previous petition(s)? Yes ( ) No ( )    N/A

        If no, answer the following:

        (1) Briefly explain the claim not raised in a previous petition N/A _____
        _____
        _____
        _____
        _____
        _____
        _____

(2)    Does the new claim rest on new facts that could not have previously been discovered through the exercise of due diligence; and would the facts, if proven and viewed in light of the evidence as a whole, be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found you guilty of the underlying offense?  If yes, what are those facts?___N/A_____

_____
_____
_____
_____
_____
_____
_____
_____


(3)    Does the new claim rely on a new rule of constitutional law that was previously unavailable, and which was made retroactive to cases on collateral review by the United States Supreme Court?  If so, what is that rule?___N/A_____

_____
_____
_____
_____
_____
_____
_____
_____


## FUTURE SENTENCE

Do you have any future sentence to serve after you complete the sentence imposed by the conviction under attack?  __ Yes    xx No

a)    If yes, give name and location of court which imposed sentence to be served in the future:___
_____N/A_____

b)    Give date and length of sentence to be served in the future:___N/A_____
_____

c)    Have you filed, or do you contemplate filing, any petition attacking the conviction which imposed the sentence to be served in the future?  __ Yes   __ No    N/A

## REQUEST FOR RELIEF

State here exactly what you want to the court to do:

Petitioner request this Court to grant a New Trial based upon the claims presented under Ground(s) #1, and # 2 ; Petitioner request this Court to reverse and remand this matter for further proceedings under Grounds #3, #4, #5, #6 and #7 or to use its discretion to grant a new trial on those claims. Petitioner Request a Stay in this matter to fully exhaust the claims presented under ground(s) #8 thru #16 and whatever else relief this Honorable Court deems Just.

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, certify to the best of my knowledge, information, and belief, that this petition is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

Signed this 17 day of August, 2007.

_Frederick Lewis_
Signature of Petitioner

_____
(Signature of lawyer, if any)

IN THE

UNITED    STATES    DISTRICT    COURT

FOR    THE    SOUTHERN    DISTRICT    OF    ILLINOIS

FREDERICK RICKY LAMBERT,                )
    (N-30421 )                               )
             Petitioner,                )    Case No. _____
    v.                                       )
                       )
LEE   RYKER ( Warden )                    )
             Respondent.

## PROOF/CERTIFICATE OF SERVICE

TO: Clerk Of The U.S. District        TO:  Lee   Ryker
    Court, Southern  Dsitrict              Lawrence Correctional Center
    750  Missouri  Ave.                    RR 2   Box 36
    East St. Louis, IL. 62201              Sumner, IL. 62466

PLEASE TAKE NOTICE that on ___August 21___, 20_07_ I have placed the documents listed below
in the institutional mail at __Lawrence__ Correctional Center, properly addressed to the parties listed above
for mailing through the United States Postal Service: _Petition for Writ of Habeas_
_Corpus pursuant to 28 U.S.C. §2254 ; Memorandum of Finding of Facts ;_
_Motion For Stay ; Exhibits ; Motion For Counsel._____.
( A copy is hereby served upon the Respondent )

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a
named party in the above action, that I have read the above documents, and that the information contained
therein is true and correct to the best of my knowledge.

                /s/ _Frederick Lens_
                NAME: _Frederick Ricky Lambert_
                IDOC#: _N-30421_
                _Lawrence_ Correctional Center
                _RR_ 2    Box 31
                _Sumner_____, IL _62466_

Subscribed and sworn to before me this _21st_ day of _August_ 20 _07_
Notary : _Sharon L. McCorkle_

"OFFICIAL SEAL"
Sharon    McCorkle
Notary Public    of Illinois
My Commission Exp. 07/14/2009

Revised Jan 2002

**<u>Additional Claim Raised On Direct Appeal</u>** :

      The county jail authorities who ransacked the Petitioner's jail cell on the night before he was to begin his Pro Se case-in-chief, and who disarranged roughly 5,000 pages of paperwork, denied Petitioner Due Process of law and his sixth amendment right to his own counsel by interfering with his right to present his defense.

- - - - - - - - - - - - - - - - - - - -  -- - - - -

**<u>Additional Claim Raised To THe Illinois Supreme Court</u>**
**<u>After Being Denied On Direct Appeal</u>** :

      The county jail authorities who ransacked the Petitioner's jail cell on the night before he was to begin his Pro Se case-in-chief, and who disarranged roughly 5,000 pages of paperwork, denied Petitioner Due Process of law and his sixth amendment right to his own counsel by interfering with his right to present his defense.

## First Post Conviction Petition - - Additional Claims :

2nd    Ground Raised : Appellate Counsel was Ineffective for not raising the claim that the Prosecution improperly shifted its burden of proof during closing arguments in violation of Petitioners 14th Amendment of a Fair Trial.

3rd    Ground Raised : Appellate Counsel was Ineffective for not raising the claim that the Prosecution on several occassions, misstated evidence each over the objection of the Petitioner, in violation of the Petitioners 14th Amendment of a Fair Trial.

4th    Ground Raised : Appellate Counsel was Ineffective for not raising the claim that the Prosecutors closing argument appealing to the jury's prejudice to support their local police              denied Petitioner his right of a Fair Trial in Violation of his 14th Amendment of the United States Constitution .

5th    Ground Raised : Appellate Counsel was Ineffective for not raising the claim that the Cumulative Effect of the Prosecutor's Comments during closing arguments deprived Petitioner of his right to a Fair Trial.

6th    Ground Raised : That Appellate Counsel was Ineffective for not raising the Claim that the Prosecutor's expressed their personal opinions of witnesses credibility In violation of Petitioners right to a Fair Trial under the 14th Amendment of the U.S. Const.

<u>Second Petition - - Additional Claims</u> :

2nd   Ground Raised : Where Petitioner's Friends and Family
        Members were not allowed to attend the Proceedings,
        Petitioner was denied his 6th and 14th Amendment.

3rd   Ground Raised : Where the prosecutor failed to turn
        over critical Identification evidence and to correct
        the false hood thereof Petitioner was denied his
        right's under Brady v. Maryland .

4th   Ground Raised : Where Ms Jean Dupree-Brundage testi-
        mony was highlighted via jury question and said
        testimony was irrelevant, Petitioner was denied his
        right under the 6th and 14th amendments by the Court
        denying defense motion to exclude .

5th   Ground Raised : The Petitioner defense was impaired
        via Court and previous appointed counsel in viola-
        tion of h s 6th and 14th amendment's where Petitioner
        was denied his request for a continuance upon re-
        ceiving additional discovery .

6th   Ground Raised : Where defense counsel motion to withdraw
        supported a claim of conflict of interest, the
        Court denial thereto violated Petitioners 6th
        Amendment right to counsel.

7th   Ground Raised : Petitioner was denied a fair trial in
        violation of his 14th amendment where the Pro Se
        Petitioner was forced to represent himself under
        impractical conditions, due to the false represen-
        tation made by State Agents.

8th   Ground  Raised : Petitioner contends that his sentence is in
        violation of the Separation of Powers where the Statute gave
        the sole decision to grant or deny Petitioner a New Trial to
        the State Prosecutor

9th   Ground Raised : Petitioner was denied the effective assistance
        of Appellate Counsel.

STATE OF ILLINOIS

CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT

COUNTY OF WINNEBAGO


| | | |
|---|---|---|
| PEOPLE OF THE | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 94-CF-148 |
| | ) | |
| FREDERICK R. LAMBERT, | ) | |
| | ) | |
| Defendant. | ) | |


REPORT OF PROCEEDINGS at the hearing of the above-entitled cause before the Honorable K. CRAIG PETERSON, Judge of said Court, heard on the 1st day of April, A.D., 2002.


APPEARANCES:

MS. STACY FORSYTHE,
Assistant State's Attorney,
   Appeared on behalf
    of the People.

I hereby certify that this document is
a true, perfect and complete copy of
the original on file in my office.

*Marc A. Gasparini*
Clerk of the Circuit Court
Winnebago County, Illinois

By
Deputy Clerk
4-2-02

94-CF-148, People vs. Frederick Lambert

2

1                    P R O C E E D I N G S

2

3        THE COURT:  people versus Frederick

4    Lambert, 94-CF-148.

5        Mr. Lambert has filed a

6    post-conviction petition, and he

7    supplemented that or replaced that by an

8    amended post-conviction petition.  The

9    amended petition was filed on February 20.

10       Having been the trial court in this

11   case, I recall the points that were made

12   by Mr. Lambert.  In fact, all points

13   raised in this amended petition are, in

14   fact, allegations that he made in his

15   motion for new trial, matters which were

16   not included by Appellate counsel in the

17   appeal, matters which I found without

18   merit at the time of the motion for new

19   trial and matters which I find without

20   merit at this point in time.

21       Basically, Mr. Lambert has alleged

22   ineffective assistance of Appellate Court

23   counsel.  He has correctly set out the

24   review of such issues, Strickland vs.

94-CF-148, People vs. Frederick Lambert

3

1     <u>Washington</u>.

2          I have gone through each point, and

3     as I indicated they are points which were

4     raised in his motion for new trial.  I

5     will not deal with each and every point

6     because I believe they are without merit.

7          He talks about the State using

8     perjured testimony in paragraph -- or

9     Section 5.  There is no evidence

10    whatsoever in that.

11         There was absolutely no denial of his

12    right to public trial.

13         The handwriting exemplar which if

14    error were certainly harmless.

15         He has again reiterated matters which

16    were ruled upon, and as his own attorney,

17    of course, he cannot complain of errors

18    which he made.

19         There is no failure to turn over

20    crucial evidence in this case.  Therefore,

21    I will find that all points are frivolous

22    and/or patently without merit.

23         The Report of Proceedings is hereby

24    incorporated by reference, stating

94-CF-148, People vs. Frederick Lambert

4

1    findings of fact and conclusions of law.

2    The court reporter is ordered to type up a

3    copy of this matter, and the clerk shall

4    attach a copy to the order.  See order.

5        (Which were all the proceedings of

6    record heard in the above-entitled matter

7    on this date.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

5

                        STATE OF ILLINOIS
     CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
                     COUNTY OF WINNEBAGO

                   C E R T I F I C A T E


          I, Joyce M. Olson, CSR, Official
     Court Reporter, Seventeenth Judicial
     Circuit, State of Illinois, do hereby
     certify that I reported in stenograph the
     testimony given in the hearing of said
     cause, and that the foregoing transcript
     is a true and correct transcription of my
     stenographic notes so taken as aforesaid,
     and contains all the testimony given at
     the hearing of the said cause.

          I further certify that I am not
     connected by blood or marriage to any of
     the parties in this action, nor am I a
     relative or employee or attorney or
     counsel of any of the parties, nor am I a
     relative or employee of such attorney or
     counsel or financially interested in said
     action or interested directly or
     indirectly in the matter in controversy.

          IN WITNESS WHEREOF I have hereunto
     set my hand and seal this 2nd day of
     April, A.D., 2002.



     _____
                    Joyce M Olson

                    License No. 5037704
                    Official Court Reporter
                    Winnebago County Courthouse
                    400 West State Street
                    Associate Judges' Chambers
                    Rockford, Illinois  61101
                    (815) 987-3043

**STATE OF ILLINOIS**

**CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT**

**WINNEBAGO COUNTY**

CC-75

FILED
5 9 02
Clerk of the Circuit Court
By _____ Deputy
Winnebago County, IL

People _____ )
_____ )
_____ )
-vs- _____ )
Frederick Lambert _____ )
_____ )

Case No. __94CF148__

## ORDER

It is hereby ordered that the defendant's Petition for Rehearing is Denied.

It is further ordered that the defendant's Motion for Substitution of Judge is denied because:

(1) It is untimely in sofar as the court has already ruled on the Postconviction Petion; and

(2) the Court having reviewed the defendant's enumerated reasons for substitution of Judge, the defendant is not entitled to substitution of Judge.

All other orders remain in effect.

Dated: __5.9.02__

I hereby certify that this document is a true, perfect and complete copy of the original on file in my office.

Marc A. Gasparini
Clerk of the Circuit Court
Winnebago County, Illinois

By _____
Deputy Clerk

_____
JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**

AUG 24 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

FREDERICK RICKY LAMBERT,        )

( N-30421 )                     )

              Petitioner,     )    Case Number : _07-607-MJR_

-vs-                            )

LEE RYKER,                      )

              Respondent.     )


## **MEMORANDUM OF FINDING OF FACTS**

NOW COMES, <u>Frederick R. Lambert</u>, Petitioner, Pro Se, and Respectfully move this Honorable Court for Leave to file the above Memorandum of Finding of Facts. That, without said leave, this Court will not have the necessary information needed to make a just finding in this matter. As such, Petitioner states :


Frederick Ricky Lambert
Prison I.D. # N-30421
Lawrence Correctional Center
RR 2      Box 31
Sumner, IL. 62466

Ground  # 1

THE COUNTY JAIL AUTHORITIES WHO RANSACKED PETITIONER'S
JAIL CELL ON THE NIGHT BEFORE PETITIONER WAS TO BEGIN
HIS PRO SE CASE-IN-CHIEF, AND WHO DISARRANGED ROUGHLY
5,000 PAGES OF PAPERWORK, DENIED PETITIONER DUE PROCESS
OF LAW AND HIS 6TH AMENDMENT RIGHT UNDER THE UNITED
STATES CONSTITUTION TO HIS OWN COUNSEL BY INTERFERING
WITH HIS RIGHT TO PRESENT HIS DEFENSE.

Petitioner was scheduled to begin his Pro Se case-in-chief
on the morning of September 19, 1998. When he arrived at Court,
he informed the trial Judge that his cell had been ransacked by
Jail Officers the day before, while Petitioner had been in Court.
He described a state of profound confusion ; he said that all of
his papers, some 5,000 to 6,000 pages, appeared as if they had
been thrown in the air and left where they landed. ( R. 6796 )

Petitioner spent the entire night trying to rearrange his
papers so that he could be ready to present his case in the morn-
ing, but the damage was so substantial that he had been unable
to complete his task. ( R. 6796-8 ). Petitioner informed the Trial
Judge that he had headr that the officers took two bags of paper-
work out of his cell, but was not able to say what was missing
yet, because of the mess. Petitioner was able to say that there
were things he needed for his defense that he had so far been
unable to find. ( R. 6798 ) Petitioner told the Court that as
of that morning, there were six witnesses whom he would not be
able to call due to missing paperwork. ( R. 6802 )

Jailer Mike Lyons routinely carried Petitioner's box of papers to and from Court every morning. On the night before this hearing, Lyons took Petitioners box back to his cell as usual, and found the cell to be " more messy than what it normally looked like." Lyons speculated that there could well have been a " shake-down " that day while he and Petitioner were in Court. ( R. 6797 )

Petitioner told the Court that there had also been a small verbal confrontation between himself and Chief Arbisi when the Petitionef was going to Court the day before. Petitioner was making noise as he came through the hallway, and Arbisi looked out of his Office to see who was passing. Arbisi said, " Oh, it's you Lambert." Petitioner said, " Yeah, well shoot, I don't got nothing to lose. You have already thrown me in segregation for no reason." Arbisi replied, " You're right. You think your privileges have been taken now, I'm gonna reall take them now. I'm gonna take more privileges." ( R. 6805 ) Arbisi later confirmed that this was an accurate report of what had happened between him and the Petitioner. ( R. 7015 ).

The State Prosecutor told the Court that he was told there had been a problem at the Jail, and Petitioners cell was searched. ( R. 6803 ) The Prosecutor denied that the search was conducted " at the direction or in cooperation with any employee of the State's Attorney Office. ( R. 6804 ).

Later that day, Judge Peterson held a hearing in chambers to determine what had happened at Petitioners cell. The witnesses testified under oath. Deputy Chief Gary Arbisi, Supervisor of the

Jail and its staff, testified that on September 18, he received
a report that Petitioner had received contraband from a Jail
Officer who had concealed it in a book. They believed that the
contraband was either cocaine, heroin or marijuana. ( R. 6999-
7000 ) He was told that the book had been delivered to the Offi-
cer by Glenda Fricks, and had been delivered to Petitioner by
the Jail Officer. ( R. 7001 )

Arbisi and four Officers went to the cell and searched it
for drugs and / or contraband. ( R. 7002 ) They looked through
everything in the entire cell, but they did not mean to dis-
arrange Petitioners court papers or to obstruct his ability
to present his defense. ( R. 7003 ) While denying that the Offi-
cers messed up the cell. Arbisi conceded that, " it was
disheveled, yes." Having agreed that the cell had indeed been
messed up, Arbisi explained the obvious contradiction by inform-
ing the court that the mess was made by a dog used to aid in
their search. ( R. 7009-11 )

Pursuant to the search, they seized a watch, cigarette
papers and a lighter. Two expired tickets to the Rockford Speed-
way were also considered contraband, a Hollywood Video rental
card, and what appeared to be a " roach," or the end of a mari-
juna cigarette, as yet not analyzed for its content. (R. 7003 )
No obvious drugs were found, nor was any powdery substance. (R. 7007 )

Captain James Cram, Lt. Charles Haines, and Deputy Henry Wright
were all involved in the " search " of Petitioners cell. Each Offi-
cer claimed not to have intended to dsirupt Petitioners paperwork.
(R. 7018, 7024, 7033 ).

Although this issue arose pursuant to Petitioners motion to
continue, (R. 6796 ) the issue was revisited at the Petitioners
Motion for New Trial.  Petitioner testified  that when he left his
cell on the morning of September 18, his cell was neat and organi-
zed. (R. 8602) Petitioner described the magnitude of the mess he
found when he returned and informed the Court that the confusion
of his paperwork which consisted of thousands of notes and docu-
ments caused him trouble at trial  . That he couldn't get back on
track which caused him not to call certain witnesses for the def-
ense and that he didn't know what to ask certain witnesses because
of the disruption. (R. 8601-2) Petitioner testified that a lot of
the documents had the same numbers written at the bottom, and he
was not able to reorganize them and prepare for trial at the same
time. (R. 8602-3) On cross-examination by the Prosecutor, Petitioner
testified that he wanted to call Yolanda Bell, Doctor Babcock and
one of Dr. Babcock's assistants. (R. 8612) * Petitioner testified
that there existed other witnesses that he wanted to call as well.
(R. 8612-13)

---

    *  Prior to trial, the Prosecution and Petitioner agreed to stipulate that
       Dr. Babcock treated Petitioner for a gunshot wound to Petitioners arm on
       October 14, 1993 and that the bullet remained lodged against his rib. Dr.
       Babcock stipulation would also have been that Petitioner attended a follow
       on appointment on October 28, 1993 on day prior to the offense. (R. 5831)

Although the trial Judge made a finding that Petitioner had not shown that he had been denied the time or environment to prepare for trial, he also expressed his concerns about the " search " of Petitioner cell. THe trial Judge described the search as " unfortunate," and, although the Sheriff had proper grounds upon which to conduct the search, the trial Judge was " obviously " upset by that having occurred in the way that it was done and the way in which it ended." ( R. 8852 )

Finally, while his claim illustrate " roughly 5,000 pages of paperwork." Former counsel in this matter testified that it was roughly 7,500 pages of documents. ( R. 7516 )

Petitioner contends that the extent to which he was prejudice by the deliberate acts of the Jail Guards in ruining the organi-zation of his trial paperwork, as demonstrated on the record, was enough to compel relief in the State Courts. Even if it was not, the deliberate, bad faith conduct of the Jail personnel cells for a presumtion that prejudice occurred that justifies a reveral of the State Court's decision and a remand of his cause for a new, fair trial.

Ground   # 2


DURING CLOSING ARGUMENTS THE STATE PROSECUTION
INDULGED IN A BLATANT APPEAL TO THE JURORS'
SYMPATHY AND EMOTIONS BY REPEATEDLY URGING THEM
NOT TO FORGET THE VICTIM AND THE VICTIM'S FAMILY
IN VIOLATION OF PETITIONERS RIGHT TO A FAIR
TRIAL UNDER TH 14TH AMENDMENT OF THE U.S. CONST.

During opening comments, the prosecutor told the jury :

Anthony Doss, above and beyond all else, was
a human being, a human being, aren't we all,
but a human being, precious human life. He
lived with his Aunti Isilee Brown ; he had a
family that he loved and who loved him.

PETITIONER : Objection, seeks sympathy.

THE COURT : Sustained. Jury is to disregard

that comment.

( R. 5024 ). During the actual trial, the State Prosecutor
called Lisa Doss, who was the victim's sister.  At said
time the Prosecutor showed Lisa a photograph ( People's
Exhibit # 84 ). Lisa testified that Ex. 84 is a photo of
several family members including the victim, Anthony Doss.
( R. 5468-9 )

The State Prosecutor called Isilee Brown as their last
witness. At said time the Prosecutor showed Ms Brown People
Exhibit 84 which she identified as a photograph of her
family mebers and the victim, Anthony Doss. ( R. 6724-26 )

During closing arguments to the jury, the Prosecutor argued :

I don't expect you to think that Anthony Doss is a saint, but whatever flaws that he had during his life, he didn't deserve to be executed. He didn't deserve to be thrown away in a cemetery like a piece of garbage. This man was a human being. He was precious human life, and he and his family are entitled to justice **... ( Objection Overruled )**

... every bit as much as the defendant. The danger here is you hear the defendant - - and I asked you this question. **( Objection Overruled )** In voir dire I asked you would you hold it against us the fact that you don't see our client sitting next to us, that you don't see your verdict affected in human terms .

* * *

When you think about [ the defendant ] in human terms and how your verdict affects him in human terms, you tend to forget about the victim and the victim's family. Don't forget about them.
**( Objection Overruled )**

* * *

This pursuit of Justice sometimes make us a little aggressive, makes us make objections that are too

loud. If that offends you, I apologize. I
meant no disrespect. We are just here to get
Justice for Anthony Doss and his Family.

( R. 7381-83 ) The record will reflect that while the trial Judge
sustained references to " not to forget the victim and the vic-
tim's family " during the prosecutor's opening comments the
Court allowed the Jury to consider this during closing arguments.


During closing argument, the Prosecutor was showing the
jury People's Exhibit #84, a photograph of the victim and his
family, while making the remark to them not to forget the victim
and the victim's family. ( R7739-40 ) During Post Trial Motion for
New Trial proceedings, both Petitioner and stand-by counsel testi-
fied that the Prosecution, was showing the jury People's Exhibit
#84 while arguing that they must not forget the victim and the
victim's family. ( R. 8608 ; R. 7739-40 and Bystanders Report
C-936 )

In this case, the Court's decision to permit prejudicial
remarks about the Doss family, and overruling of defense objec-
tions to those remarks, Constitute a denial of a fair trial.

## Ground  # 3

WHERE A PERFUNCTORY HEARING IN PETITIONER'S ABSENCE
WAS CONDUCTED ON PETITIONER'S PRO SE MOTION TO RE-
CONSIDER SENTENCE, PETITIONER, WHO HAD PROCEEDED PRO
SE AT HIS TRIAL AND SENTENCING, WAS DENIED HIS CONSTI-
TUTIONAL RIGHTS TO BE PRESENT AT A CRITICAL STAGE OF
THE PROCEEDINGS AND TO REPRESENT HIMSELF.

Petitioner represented himself at trial at the intial sent-
encing hearing, and at resentencing following remand by the State
Appellate Court. Following resentencing a handwritten Pro Se "
Post-sentencing Motion and Motion to Reconsider Sentence " was
timely filed On May 28, 2003. ( C134-36 ) In this motion, Petit-
ioner alleged, among other contentions, that the Court erred (1)
by failing to declare Public Act 91-953 which amended Illinois
State Statute 730 ILCS 5/5-5-4 (West 2000 ) as unconstitutional ;
(2) in denying his motion for substitution of judge ; (30 by
finding the offense was brutal and heinous ; ( 4) by finding Pet-
itioner has an extensive violent criminal background ; and (5)
by imposing a disparate sentence as compared to codefendants.
( C137-39 )

At a status hearing held on June 26, 2003, at which Peti-
tioner was not present, the Court referred to and acknowledged
Petitioners motion. ( R-104 ) When the State Prosecutor indicated
that the motion was untimely, the Court instructed the State to
file a motion, and the matter was continued. ( R. 104 ). The State,
however, never filed a motion with respect to timeliness.

On July 3, 2003, a hearing was held in Petitioner's absence. The court advised the State Prosecutor that he did not have to respond to the Pro Se Motion and denied the same. ( R. 108 ) The Court noted that there was a handwritten motion in the file which was identical to the typed motion and the court considered them to be the same. ( R. 109 ).

<u>Brief Argument</u>

First of all, the Post-sentencing motions were timely filed within 30 days of the day Petitioner was sentence, i.e., May 1, 2003 ( C-125 ). The Handwritten motion was hand delivered by Petitioners mother and was filed by the Clerk on May 28, 2003 ( C-134-35 ). The typed motion, in turn, was placed in the Menard Correctional Center Prison mail system on May 28, 2003 ( C-137 ) That date, of course, controls.

Second, since Petitioner was proceeding Pro Se he had a right to be present at the hearing where his motion was denied. Moreover, an accused has the Constitutional Right to appear and defend at every stage of the criminal prosecution. The accused also has a right to defend himself without counsel when he knowingly and voluntarily elects to do so.

Ground  # 4

APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT RAISING
THE CLAIM THAT THE PROSECUTOR'S EXPRESSED THEIR
PERSONAL OPINIONS OF WITNESSES CREDIBILITY IN VIO-
LATION OF PETITIONERS RIGHT TO A FAIR TRIAL UNDER
THE 14TH AMENDMENT OF THE U.S. CONSTITUTION.

Petitioner contends that throughout trial the Prosecutor
vouched for the credibility of certain witnesses by indicating
that a term of their plea agreement was to provide " truthful
testimony." Although several witnesses had agreements contin-
gent on their providing " truthful testimony," the Prosecutor
used this agreement term as a vehicle to vouch for the credibility
of witnesses :

For example, referring to Lucio Flores, one of the two
occurrence witnesses, the prosecutor states as follows :

> He (Flores) answered questions during the trial.
> He was asked whether he made these statements at
> the prior hearing, and he said that he did. He
> was asked whether they really happened. He said that
> they did. Essentially he testified truthfully. I
> had to drag it out of him, but it was the truth.
> ( R. 7220 )
>
> * * * * *
>
> You can base your verdict on Lucio Flores  testimony
> alone, although reluctantly his testimony in court
> was truthful. You can base your verdict on that. You
> can find him guilty beyond a reasonable doubt on
> that testimony alone. ( R 7224 )
>
> * * * * *

We had to get the truth out, and we used them (
Antowan and Flores ), and we chose them for two
reasons. No. 1, their level of involvement in this
crime was minimal compare to the others, and No. 2,
they told the truth right from the jump street
(sic) when they were interviewed by police detectives,
and they told the truth throughout until this trial
when Antowan went astray ( R7350 )

* * * * *

He ( Flores ) testified truthfully before ( R7351-52 )

* * * * *

... ( Lucio ) told them the truth, and he told them
the truth in detail . . . ( R7356 )

* * * * *

Katherine McLain-Perry still sitting on the defen-
dant's side of the courtroom over there. She told
you the truth ( R7364 )

* * * * *

She ( McLain-Perry ) is going to plead guilty to a
crime on the condition of her truthful testimony
( R7365 )

* * * * *

    We have Jodi Lewis, a/k/a Jodi Johnson. Never
met the defendant. She is obviously in an advance
state of pregnancy. No incentive to lie. NO incentive
to come here and subject herself to the stress of
testifying before a groupd of strangers. She came in
here and testified to the truth and told you --
PETITIONER : Objection, Your Honor.
THE COURT : Overruled.

THE PROSECUTOR : ( Continuing ) -- and told you
of the plan to testify that Antowan came to her,
the mythical father of her child, and confessed
to lying in the first hearing about Defendant.
( R7376 - 77 )

* * * * *

The truth in this case must prevail. The truth in
this case is that Frederick Lambert has committed
the crime of First degree Murder ( R7384 )

Petitioner contends that the Record in this case clearly showed
that the Prosecution, on more than a few occassions, vouched
for the credibility of their witnesses and Appellate Counsel
was ineffective for not raising this claim on Direct appeal.

## Ground    # 5

APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT RAISING
THE CLAIM THAT THE PROSECUTION ON SVERAL OCCASSIONS,
MISSTATED EVIDENCE EACH OVER THE OBJECTION OF THE
PETITIONER, IN VIOLATION OF THE PETITIONER 14TH
AMENDMENT OF A FAIR TRIAL.

In his *pro se* petition, defendant alleged that the prosecutor misstated the evidence by indicating that Antowan Lambert, one of two occurrence witnesses to testify at trial (C57, 179), could not be prosecuted if he testified falsely at defendant's trial. At trial, Antowan testified that the defendant was not present for the beating of the victim and that Antowan and three others had beaten Doss to death (C61).

In closing argument the prosecutor told the jury that Antowan could not be prosecuted for perjury for testifying that defendant was not present. Specifically, the prosecutor stated as follows:

> That's important. It is significant to understand why Antowan would do what he did when he came in here before you. See, because early what he did in '94 is the same thing that he did when he came back in here. They just switched roles. When the time came, it wasn't the defendant beating his case and coming back to help Antowan. It was Antowan coming back to help this defendant.

> Remember Antowan's deal had been executed. He had been given as much for the death of Anthony Doss that he could ever be given. The only thing that he faced was perjury. Remember I asked him, "If you say you don't recall your prior testimony, you can be convicted for perjury." Best of both worlds for Antowan. He kept himself out of trouble. He kept himself out of perjury, helped out you know who, because remember what he was able to sneak in, "Ricky wasn't there. Uncle Ricky wasn't there. We did this one, not Uncle Ricky." Not perjury. Couldn't be prosecuted any more. Got to walk right out (R7214-15).

The prosecutor's indication that Antowan could not be prosecuted for perjury was a misstatement. Indeed, as defendant alleged in his affidavit, Antowan was charged with and convicted of perjury for his testimony in this case (C54, 79). The jury thus was left with the mistaken impression that Antowan had lied about defendant not being involved because he was free to do so.

The prosecutor also misstated the evidence when he argued over objection that defendant was not in custody on November 9, 1993. Moreover, he prevented defendant from arguing that he had been in custody by making objections which were erroneously sustained.

More specifically, the first witness called to testify for defendant was the circuit clerk. He established that on November 9, 1993, defendant was charged with and arrested for DUI (R6826-27). The clerk also established that a warrant was issued for defendant's arrest based upon his failure to appear on November 17, 1993. That bench warrant was vacated on November 23, 1993, but another one was issued on January 27, 1994 (R6827-28). Defendant introduced this evidence seeking to refute the State's claim that he had fled to Minnesota because of the murder (C180). Moreover, defendant wanted to show that he could not have placed a phone in the cemetery on November 9, 1993, as Antowan indicated in his statement (R7263).

In his closing argument, defendant was prevented from presenting his defense theory as follows:

> There was another guy presented named Lighthart. He is the cemetery worker. If you remember when Lighthart got up there, he said that he found a phone. He said that he found the phone on November 10. I asked him, I said, "Are you sure of November 10?" He said, "Yeah." I asked him, I said, "Well, are you saying, man, that if this phone was out there over the night you would -- on November 9 you would have seen it?" He said, "Hey, I would have seen it because that's my job." That's his function. So he say (sic), "I would have seen that phone." Now, I wanted that emphasized because later on -- later on the clerk came in here, and he testified that I went to jail on November 9, 1993.
>
> MR. SALEMI: Objection. That's not correct.
>
> MR. LAMBERT: Yes, it is correct.
>
> THE COURT: The jury will have to recall the testimony of the witness.
>
> MR. LAMBERT: He testified that I went to jail on November 9, 1993, for a DUI. He testified that on January 27 a warrant was issued out for my arrest for not going to court on the charge. That's what he testified to.

MR. SALEMI: I object. There was testimony about the warrant. There was no testimony about his arrest.

THE COURT: I will sustain the objection.

MR. LAMBERT: Well, how can there be a warrant without arrest? You figure it out.

Lighthart testified that he found the phone on November 10, 1993. He is positive that he did not see the phone on November 9. Had the phone been there, he would have found it.

The name of the clerk that testified once you review your notes is Tom Kline. Tom Kline, he testified to my charge of DUI on November 9.

Now, according to Antowan (sic) previous statement he testified that I put the phone -- took the phone to the cemetery. Now in the statement they don't say nothing about no dates. They don't say nothing about no dates as to when I supposed to took (sic) the phone to the cemetery.

In Antowan (sic) statement, though, he testified that I was with another guy named -- not testified. According to the statement I was with another named Amelio, some Cuban guy, and that I did tell Antowan I am going to take this phone right here, man, to -- and drop it off by the body. So what he said is -- is that this other guy, Amelio, I guess he knew about the murder too. I don't know, but according to his statement that's what he said. That's what Antowan told the guy according to the statement read to you by Detective Redmond (R7261-64).

The prosecutor in his closing argument misstated the evidence, just as he did in his objection. He commented that the phone could have been in the cemetery on November 9th and that defendant could have tossed it by the burial site because he was not in custody (R7358, 7397). The prosecutor actually accused defendant of misstating the evidence as follows:

MR. KARNER: Darren Lighthart wasn't as sure about what was going on (sic) that cemetery as he would like you to believe, but the defendant also misstated the evidence, because there is no evidence that the defendant was in custody on November 9.

MR. LAMBERT: Object to that, Your Honor.

THE COURT: Overruled.

MR. KARNER: No evidence whatsoever (R7358).

The prosecutor thus misstated the evidence and prevented defendant from presenting his

defense theory since defendant had introduced evidence that he was arrested on November

9th.

The prosecutor also misstated the evidence when he argued as follows:

> MR. KARNER:  Well, the defendant's repeated attempts from the moment
> Doss's body was dumped on that cold ground until a couple of days ago this
> defendant has tried to manipulate the information that goes forward to you,
> to manipulate a not guilty verdict that is unjust.  You put the label on it,
> ladies and gentlemen.  You call it for what it is.
>
> Remember his claim, "The state don't play by the rules.  So we don't
> play by the rules."  Those were the defendant's words, not McLain-Perry.
>
> MR. LAMBERT:  Objection.  That was McLain, Your Honor.
>
> THE COURT:  Overruled.
>
> Again the jury will recall the testimony of the witness (R7359-60).

As defendant correctly pointed out in his post-conviction petition (C180), those were not his

words, but were Kathy McLain-Perry's words (R5795).

Petitioner contends that Appellate Counsel failed to raise

this claim on Direct Appeal denied him of his right to effective

assistance of counsel.

<u>Ground    # 6</u>

APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT RAISING THE CLAIM
THAT THE PROSECUTION'S CLOSING ARGUMENTS APPEALING TO THE
JURY'S PREJUDICE TO SUPPORT THEIR LOCAL POLICE AND PROSECU-
TORS, DENIED PETITIONER HIS RIGHT OF A FAIR TRIAL BY MISSTA-
TING THE EVIDENCE, THE LAW AND SHIFTED THE BURDEN OF PROOF
IN VIOLATION OF PETITIONERS 14TH AMENDMENT OF THE U.S. CONST.


Petitioner contends that the State Prosecutor misstated the
evidence and law and appealed to the jury's prejudice to support
their local police and prosecutors when he argued that the police
and prosecutors had worked tiressle around the clock and the
jurors would have to believe that there was a grand conspiracy
among the civilian witnesses and police officers in order to
acquit Petitioner. Specifically, the Prosecutor commented as
follows :

> The notion that the defendant did not participate and
> in fact lead to the beating death of Anthony Doss is
> a lie that is designed to get him out of trouble. The
> notion that the men and woman who worked tirelessly
> around the clock to bring him to justice --
>
> PETITIONER : ( Interrupted ) Objection.
>
> THE COURT : Overruled.
>
> PROSECUTOR : ( Continuing ) -- the notation that these
>     men and woman in the State's Attorney Office and
>     the Rockford Police Department are somehow framing
>     the defendant and letting the real killers walk
>     free is sickening. To believe this guy wildlife
>     theory. You have to believe there is some grand
>     conspiracy here between all the civilians, all the

```
                police officers --
    PETITIONER : ( Interrupting ) Objection, Your Honor.
    THE PROSECUTOR : ( Continuing ) -- to frame poor Ricky
            Lambert.
    THE COURT : Overruled.
    THE PROSECUTOR : You have to believe that an amzing set
            of circumstances all camm together to the universe
            to convict poor Ricky Lambert. Don't let him get
            away with it ( R7347 - 48 )
```

<u>Brief Argument</u>

There was no evidence that the officers and prosecutors had worked tirelessly around the clock. These comments also constituted an improper appeal to the jury's prejudice to support their local police and prosecutors.

Moreover, the argument that in order to acquit Petitioner the jury would have to believe there was a grand conspiracy between the civilian witnesses and police officers to frame Petitioner was a misstatement of the law and improperly shifted the burden of proof to the defense.

Finally, it should be recognized that the improper statements attempting to shift the burden of proof to Petitioner were made during rebuttal argument. Thus, the remarks were particularly egregious sunce the defense did not have another opportunity to address the jury and response to those comments.

The record will reflect that Petitioner properly preserved this claim, and he contends that Appellate Counsel was Ineffective for not raising it..

Ground   # 7

APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT
RAISING THE CLAIM THAT THE CUMULATIVE EFFECT
OF THE PROSECUTOR'S COMMENTS DURING CLOSING
ARGUMENTS DEPRIVED PETITIONER OF HIS RIGHT
TO A FAIR TRIAL.

Appellate Counsel attempted to convince the State Court
that Petitioner was denied a fair trial during the Prosecutor's
closing argument. Appellae Counsel, however, failed to include
all other improper comments made by the prosecutor, including
misstatements of law and fact ( see ground 5 and 6 ) and numerous
expressions of personal opinion with respect to crucial wit-
nesses ( see ground 4 ).

WHEREFORE, Frederick Ricky Lambert, Petitioner Pro Se,
Respectfully move this Honorable Court for the relief requested
in his §2254 Writ.

Respectfullu Submitted :

Frederick Ricky Lambert
Reg. No.# N-30421
Lawrence Corr. Ctr.
RR 2    Box 31
Sumner, IL. 62466

Subscribed and sworn to before me this 21st day of August 2007
Notary : Sharon L. McCorkle

"OFFICIAL SEAL"
Sharon L. McCorkle
Notary Public, State of Illinois
My Commission Exp. 07/14/2009