IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED AUG 24 2007 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS EAST ST. LOUIS OFFICE

| | |
|---|---|
| FREDERICK RICKY LAMBERT, ( N-30421 ) | ) ) |
| Petitioner, | ) Case No. 07-607-MJR |
| -vs- | ) ) |
| LEE RYKER, | ) ) |
| Respondent. | ) |

## MOTION FOR STAY

NOW COMES the Petitioner, Frederick Ricky Lambert, Pro Se, and Respectfully move this Honorable Court for a Stay pursuant to 28 U.S.C.A. §2254 et seq. In support, Petitioner states:

Frederick Ricky Lambert
Lawrence Correctional Center
RR 2  Box 31
Sumner, IL. 62466

- 1 -

A.

<u>§2254   WRIT   TIMELY   FILED</u>

Petitioners §2254 Writ for Federal Habeas Corpus Relief is timely filed and in support of this position, Petitioner present the following Procedural Facts.

<u>Direct   Appeal</u> :

After his conviction and sentence, Petitioner filed a timely Notice of Appeal on **April 8, 1999.** On **August 3, 2001** the Illinois Appellate Court of the Second District rendered its decision Affirming in part, vacating in part and remanded. ( Unpublished Order, App. # 2-99-0408 ) On **August 18, 2001** the State Prosecutor filed a Motion for Rehearing with the Illinois Appellate Court and said Motion was denied on **August 23, 2001.**

The Petitioner filed a timely Leave To Appeal to the Illinois Supreme Court on **September 26, 2001** and said Leave was denied on **October 5, 2001**   ( Case # 92458 at 763 N.E. 2d 774 )

The State Prosecutor filed their timely Leave To Appeal to the Illinois Supreme Court on **September 27, 2001** and said Leave was denied in **January of** 2003 ( Case # 92474 at 787 N.E. 2d 177 )

<u>Post Conviction Petition</u> :

While the State's Prosecutor Leave to Appeal was pending, the Petitioner filed a timely Post Conviction with the Circuit Court on **December 17, 2001** . The Circuit Court dismissed the Petition on **April 1, 2002,** Petitioner filed a Motion for Reconsideration on **April 29, 2002** ,  it was denied on **May 9, 2002** and Petitioner filed a timely appeal on **May 24, 2002.**

On **May 10, 2004** the Illinois Appellate Court, Second District rendered its decision affirming the dismissal of Petitioners Post Conviction Petition. ( App. Case #2-02-0560) Petitioner filed a timely Leave to Appeal to the Illinois Supreme Court on **June 14, 2004** and said Leave was denied in **September of 2004** ( Case # 98610 at 823 N.E. 2d 973 ).

Resentencing Procedural History :

While his Post Conviction was pending on Appeal, Petitioner went back before the Circuit Court on **May 1, 2003** to be resentence.*
After his 100 year sentence were reduced to 60 years, Petitioner filed a timely motion for reconsideration on **May 28, 2003**. The Court denied the Motion on **July 3, 2003** and Petitioner timely appealed on 8 / 1 / 03 .

On **April 10, 2006** the Illinois Appellate Court, Second District rendered a Publish Decision affirming the appeal. ( case # 2-03-0808 at 847 N.E. 2d 136 ). On **May 12, 2006** the Petitioner filed a Leave To Appeal to the Illinois Supreme Court and said Leave was denied on **September 27, 2006** ( Case # 102726 at 857 N.E.2d 679 )

Regarding the time-toll issue Petitioner contends that the facts illustrated above clearly indicate that his Petition for Writ of Habease Corpus pursuant to §2254 is timely filed as it relate to his request for a Stay as outlined on the following page.

---

* Petitioner was remanded back to the Circuit Court to be resentence per the Appellate Court August 3, 2001 Order after the State Prosecutors Leave to Appeal to the Illinois Supreme Court was denied in January of 2003.

B.

Request For Stay

Federal District Court has discretion to Stay a mixed Habeas Petition continaing exhausted and unexhausted claims to allow the Petitioner to present his unexhausted claims to the State Court in the first instance, and then to return to Federal Court for review of his perfected Petition. 28 U.S.C.A. §2254 (b) (1) (a) Rhines v. Weber, 125 S.Ct. 1528, 544 U.S. 269 ( 2005 ).

In the instant case eight (8) of the grounds presented has been fully exhausted while the remaining claims is currently pending before the trial Court with Court appointed counsel. ( See Exhibit 1 and 2 attached ).

As this Court is fully aware, an Illinois Post Conviction Petition that does not have merits is, as a matter of procedure , dimissed at the first stage. It's only when the trial court find that the Post Conviction has merits would it be allowed to go to the second stage with Court appointed counsel. 725 Illinois Compile Statutes, section 5/122-4 ( See People v. Rivera, 198 Ill.2d 364 ( Sup. Ct. 2001 ).

Petitioner consolidated his State Post Conviction along with a Petition for Relief From Judgment pursuant to 735 Illinois Compile Statutes, section 2-1401. Petitioner submits to this Court that both of the consolidated Collateral Petitions is pursued in good-faith with the legal assistance of Law Clerks Craig and Boggan.

In U.S. ex rel. Santiago v. Hinsley, 297 F.Supp.2d 1063 ( N.D. Ill. 2003 ), the Court held that a Stay of Federal Habeas proceeding on mixed petition was appropriate pending State Court action on contemporaneously filed State Post Conviction Petition on unexhausted claims.

Even where Stay and abeyance is appropriate in a Habeas Proceeding involving a mixed petition of exhausted and unexhausted claims, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA); thus, a mixed petition should not be stayed indefinitely, but rather, District Courts should place reasonable time limits on a petioner's trip to State Court and back. Rhines v. Weber, 125 S.Ct. 1528, 544 U.S. 269 ( 2005 ).

If Petitioner does not receive a new trial in this matter in the State Court on his pending collateral Petition's. He seek a Stay to return to this Court on his §2254 Writ within 21 days after exahusting his claims in the State Court's.

WHEREFORE, <u>Frederick Ricky Lambert</u>, Petitioner, Pro Se, With all due Respect move this Honorable Court for a Stay on his pending §2254 Petition.

<u>Prayer For Relief</u> :
1. An Order of Stay with 21 days to return to this Court if necessary.

Respectfully Submitted : *(signature)*
Frederick Ricky Lambert
( Petitioner )

Subscribed and sworn to before me this 21st day of August 20 07
Notary : *Sharon L McCorkle*

"OFFICIAL SEAL"
Sharon L. McCorkle
Notary Public, State of Illinois
My Commission Exp. 07/14/2009

- 5 -

# OFFICE OF THE PUBLIC DEFENDER
## COUNTY OF WINNEBAGO

SUITE 340  WINNEBAGO COUNTY COURTHOUSE
400 WEST STATE STREET
ROCKFORD, ILLINOIS 61101
(815)319-4900  Fax (815) 319-4901

**KAREN SORENSEN**
PUBLIC DEFENDER

**DAVID DOLL**
FIRST DEPUTY
PUBLIC DEFENDER

**ATTORNEYS**
EDWARD LIGHT
WENDELL COATES
KRISTINE PESHEK
TAJA WINZELER
KATHY MCNEELY-JOHNSON
BRADFORD MORRISON
SUSAN KALBANTNER
KATHERINE HADLEY
FRANK PERRI
DONALD DELBERT
KRISTIN CARPENTER
MICHAEL HERRMANN
DERRICK SCHMIDT
SHELTON GREEN
WILLIAM WEATHERLY
CHRISSIE GARZA
KELLY ULLRICK
MATTHEW JURA
ANGELA ROBERTS
SHANNON REEVES-RICH
ALISON CRISMAN
ERIN HANNIGAN
TAMIKA WALKER
CHRISTOPHER HUMPHREY
SHAUNA GUSTAFSON
JOHN COLLINS
JOSHUA SMITH
ELDER GRANGER III
RYAN SWIFT
TERRI BUNDY

**LOUIS PALMERI**
CHIEF INVESTIGATOR

**INVESTIGATORS**
ZALLY VARONA- HAHN
HEATHER WILLIAMS
ROBERT FAULKNER

July 30, 2007

Frederick R. Lambert N30421
Lawrence Correctional Center
Rural Route 2
Box 31
Sumner, IL 62466

RE:  94CF148

Dear Mr. Lambert:

I have been appointed to represent you on the post conviction petition filed in 94CF148. The case has been assigned to Judge McGraw, and the next court date is set for September 6, 2007 at 9:00am. First, I need to inform you that my supervisor, Karen Sorensen, represented a witness that testified against you at trial. This does pose a potential conflict of interest. You need to let me know, in writing, if you are willing to waive this conflict, or if you would like counsel outside of the Public Defender's Office to represent you. If you do not want to waive this conflict, then I shall prepare a Motion to Withdraw, and writ you back for the September court date so that new counsel can be appointed to represent you. Otherwise, I will continue working on your case.

I have received the Post Conviction Petition that you filed. I am in the process of reviewing the Petition, and am attempting to locate a transcript of the trial court proceedings. In the meantime, please contact me about the conflict issue.

Sincerely,

Chrissie Garza
Assistant Public Defender

Exhibit -1

```
                                                      Date:    7/25/2007
                        CRIMINAL FELONY                Time:    8/42/19
                                                       Page:       1
     1994 CF 000148   Judge: PETERSON K CRAIG    From  1/01/2007 To 99/99/999
                                                       User: HOWARDT
        Case Names            Attorney Names           Wsid: CC1001G0
              VS                                       All Entries For
        LAMBERT FREDERICK R    PD CHRISSIE GARZA       +
  Date
```

3/29/2007 PETITION FOR POST CONVICTION RELIEF Filed  Defendant LAMBERT FREDERICK
          STATUS ON POST CONVICTION Apr 05,2007 01:30PM Rm467   Judge MCGRAW
          Judge:PETERSON K CRAIG    Clerk:MJH    M

3/29/2007 PROOF/CERTIFICATE OF SERVICE Filed   Defendant LAMBERT FREDERICK R
          Judge:PETERSON K CRAIG    Clerk:MJH    M

3/29/2007 APPLICATION TO SUR OR DEFEND AS A POOR PERSON Filed
          Defendant LAMBERT FREDERICK R
          Judge:PETERSON K CRAIG    Clerk:MJH    M

3/29/2007 MOTION FOR APPOINTMENT OF COUNSEL Filed   Defendant LAMBERT FREDERICK R
          Judge:PETERSON K CRAIG    Clerk:MJH    M

4/05/2007 CONTINUE - ON DEFENDANT'S MOTION-NOTICE GIVEN
          (No file in Court/Defendant's Papers only) - People of the State
          of Illinois present by Assistant State's Attorney, STEVEN J.
          BIAGI. Defendant not present, in DOC. Cause comes before the Court
          on Defendant's Prose Petition for Post Convictions. Judge would
          like file. On Defendant's motion matter continued for status.
          STATUS ON POST CONVICTION Jun 06,2007 09:00AM Rm467   Judge MCGRAW
          Judge:MCGRAW JOSEPH G    Rep:MCNEELEY ANN M    Clerk:JJF    M

6/06/2007  Judge COLLINS ROSEMARY M
          The people present by Prosecuting Attorney STEVEN J. BIAGI.
          Defendant in DOC.  Judge McGraw held to Jury trial.  Cause
          continued for status regarding Post Conviction Petition.
          STATUS ON POST CONVICTION Jun 21,2007 09:00AM Rm467   Judge MCGRAW
          Judge:MCGRAW JOSEPH G    Rep:BRASSFIELD SANDRA    Clerk:MJJ    M

6/21/2007 CONTINUANCE-NOTICE GIVEN Judge KENNEDY J. TODD
          People of the State of Illinois present by Assistant State's
          Attorney, STEVEN J. BIAGI. Deft not present (DOC). ASA Biagi
          present but not a party to the case yet. Case comes on for status
          on deft's Petition For Post Conviction Relief.  Judge McGraw is
          held to trial in Boone County.  Matter continued for Status on
          deft's  petition.
          STATUS ON POST CONVICTION Jul 05,2007 09:00AM RmA    Judge MCGRAW
          Judge:MCGRAW JOSEPH G    Rep:PASKY JOANN E    Clerk:WF    M

7/05/2007 CONTINUANCE - PUBLIC DEFENDER APPOINTED-NOTICE GIVEN
          People of the State of Illinois present by Assistant State's
          Attorney, STEVEN J. BIAGI. Defendant not present, Deft is in DOC.
          Public Defender appointed. PD Winzeler appears. On motion of the
          defendant case is continued for status.
          STATUS ON POST CONVICTION Sep 06,2007 09:00AM RmA    Judge MCGRAW
          Judge:MCGRAW JOSEPH G    Rep:GIERWIATOSKI JANET S    Clerk:SAN    M

7/05/2007 PUBLIC DEFENDER APPOINTED-NOTICE SENT
          Document NOTPD2 Was Printed
          Judge:MCGRAW JOSEPH G    Rep:GIERWIATOSKI JANET S    Clerk:SAN    M

*Exhibit-2*