## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50059 | **DATE** | May 13, 2008 |
| **CASE TITLE** | U.S. ex rel. Frederick Ricky Lambert (N-30421) v. Lee Ryker | | |

**DOCKET ENTRY TEXT:**

Respondent's motion to amend the Court's 4/30/08 order [15] is granted. The motion will not be heard on 5/16/08. The Court's 4/30/08 order [13] is stricken, and is replaced with this order. Petitioner's motion to stay his federal habeas proceedings pending the conclusion of his state post-conviction proceedings [10] is granted. The case is stayed pending the resolution of Petitioner's state post-conviction petition. Respondent need only enter an appearance at this time; no response to the petition is required until the stay is lifted. To proceed with the current 28 U.S.C. § 2254 petition, Petitioner is directed to file a motion requesting that the stay be lifted and notifying the Court that his state court proceedings are no longer pending. Petitioner shall have 30 days following the date his post-conviction proceedings are no longer pending in state court to request this Court to lift the stay. Petitioner's motion for appointment of counsel [11] is denied as premature.

■  [**For further details see text below.**]                                                            Docketing to mail notices.

### STATEMENT

     Petitioner Frederick Lambert, currently incarcerated at Lawrence Correctional Center, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 conviction for first degree murder. The Southern District of Illinois has transferred the petition to this Court.

     The Court grants Petitioner's motion to stay the current habeas proceedings pending resolution of his state post-conviction proceedings with respect to several of Petitioner's claims. *See Arrieta v. Battaglia* 461 F.3d 861, 866 (7th Cir. 2006); *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). To proceed with the current petition, Petitioner must notify the Court when his state court proceedings are no longer pending and request that Court lift the stay. Petitioner is instructed to use the same case name and number as the instant case. Petitioner shall have 30 days from the date his post-conviction proceedings are no longer pending in state court to file a motion in this Court to lift the stay herein imposed. *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (*citing Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). Failure to file a motion to lift the stay within that amount of time may result in dismissal of this case.

     Respondent need only enter an appearance at this time, and will be directed to answer the petition or otherwise plead after the stay has been lifted.

     Petitioner is instructed to file all future papers in this case with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Petitioner.

     Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel may be appointed if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Counsel is not needed at this stage of the proceeding.

isk